[Civ. No. 6354. Second Appellate District, Division Two.—May 21, 1930.]

HENRY C. SEYMOUR VON STEIN, Appellant, v. LEONARD A. HARDIE, Respondent.

Henry M. Lee and E. T. Young for Appellant.

Kelby & Lawson for Respondent.

THOMPSON (IRA F.), J.—The plaintiff brought an action for libel and after trial the jury returned its verdict in favor of the plaintiff in the sum of one thousand dollars. The court granted the defendant's motion for a new trial and the cause is here upon an appeal from that order. It is insisted by appellant that the letter which is the cause of the litigation is libelous *per se* and urged with equal earnestness not to be by the respondent. ▪ Our first inquiry will be to determine the libelous character of the writing. The letter follows:

> "Edwin G. Hart, Inc.,
> "724 Van Nuys Bldg.,
> "Los Angeles, Calif.
>
> "November 24, 1925.
>
> "Mr. Frank Meline,
> "6332 Franklin Ave.,
> "Hollywood, Calif.
>
> "Dear Sir:
>
> "I have your letter of November 16th which was sent to my home. I am rather surprised at your taking this matter up for Von Stein. I certainly owe him no apology but did feel that I owed Mr. Wagner an apology and did so express myself to him at the time and I feel I owe you an apology for recommending Von Stein to you at the time he applied for a position with you.
>
> "I learned a great many things about him after he went with you which caused me to change my opinion of him and I am sure when you know him as well as I now do that you will feel as I do.

"I have entirely dismissed him from my mind and trust I will not have occasion to think of him again. I think you have taken an undue liberty in sending Mrs. Hardie a copy of the letter you sent me. She is not at all interested in the matter and I think your action in addressing her is entirely uncalled for.

"Very truly yours,
"(Signed) LEONARD A. HARDIE."

The respondent says he owes Mr. Meline an apology for having recommended appellant in the first instance. Why? Is it because he is professionally unfit or unworthy or because respondent dislikes his personality? If it were a personality incompatible with his own how could respondent have failed to discover that fact prior to the letter of recommendation? Or why should he be certain that Mr. Meline upon further acquaintance would be equally dissatisfied with appellant? It was by reason of several things which respondent learned after the plaintiff left his employ and went to work for Meline. What were they? Evidently they were of very serious character, because the respondent has put him out of his mind, as he hopes, for good and all, and were such as not only to render appellant unfit for a recommendation but also to cause respondent to apologize for having given him one in the past. We confess our inability to see through the veil of generality the specific objection to the character of the appellant entertained by the author of the letter, but of this we feel convinced, that the writer intended to convey to Mr. Meline that plaintiff was unworthy of and unfit for employment, which fact Mr. Meline would discover through experience. Section 45 of the Civil Code defines libel as a "false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." It cannot be doubted that the letter here involved had a direct tendency to injure the appellant in his occupation. In that regard the letter is not susceptible of two interpretations. It is not mere innuendo. ■ It charges the appellant with being unfit for employment to the degree that the author

feels obliged to apologize for his recommendation. Nor was it necessary that the letter ascribe some specific lack of virtue to the appellant. It is sufficient if it seeks generally to besmirch the character of another. As was said by this court in *Pyper* v. *Jennings,* 47 Cal. App. 623–634 [191 Pac. 565, 569], ''What we do hold is that where, as here, the libelous article, without imputing any specific act of dishonesty, seeks to blacken the good name of the object of the defamatory words by vague reference to some ill-defined opprobrious opinion others have of him, without conveying to the readers any sharply edged delineation of that opinion, the defendant can only justify by direct proof of bad, or, at least, impaired, reputation in the community or among the class of persons referred to in the defamatory article.'' ▇ Under the authority from which we have quoted the code section and *Tonini* v. *Cevasco,* 114 Cal. 266 [46 Pac. 103], and cases there cited, we feel compelled to hold the language employed to be libelous *per se.* The trial court should not have ordered a new trial on the ground that it is not.

▇ It is insisted by respondent, however, that the court erred during the trial of the action in excluding testimony proffered by the defendant to show that he did not intend by the letter to convey the impression that Mr. Von Stein was unfit, unworthy or incompetent to hold the position then held by him with the Meline Company and that Mr. Meline did not so understand the letter. Were the language doubtful and covert the contention of respondent would be good, but as is said in *Hearne* v. *De Young,* 119 Cal. 670 [52 Pac. 150, 153, 499], ''When the article is libelous upon its face, and the party libeled is named upon the face of the article, there is no room for the introduction of evidence of witnesses as to their understanding of the language.'' And again it is declared in *Harris* v. *Zanone,* 93 Cal. 59 [28 Pac. 845, 846], ''Where the matter published is in a language which he who hears or reads it understands, it will be assumed he understood it in the sense which properly belongs to it.'' It is to be noted in this connection that exemplary damages were not sought by the plaintiff, and for that reason actual malice was not an issue to be submitted to the jury. Our attention is not directed to any

error of law occurring at the trial of the action warranting the court in ordering a new trial of the action,

Order reversed.

Craig, Acting P. J., concurred.

Works, P. J., being absent, did not participate.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 20, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 17, 1930.